IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KENNETH WATSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:16-CV-1217-NJR-DGW |
| | ) |
| C/O DODD, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on Defendants' Motion for Sanctions against Plaintiff (Doc. 25). For the reasons set forth below, the Motion is denied.

### PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff Kenneth Watson, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this action *pro se* pursuant to 42 U.S.C. §1983 alleging his constitutional rights were violated while he was incarcerated at Big Muddy River Correctional Center ("Big Muddy"). Watson is proceeding in this action on claims of excessive force, failure to protect, retaliation, and deliberate indifference against prison personnel at Big Muddy.

Defendants now seek dismissal of Watson's complaint as a sanction for his failure to disclose his litigation history. In particular, Defendants assert that Watson has filed at least one other federal lawsuit related to his imprisonment in the Central District of Illinois, but Watson failed to mention that lawsuit in his complaint. Defendants note that Watson

submitted his complaint, at least in part, on this District's form complaint for civil rights violations. That form includes a section entitled "Previous Lawsuits" (page 3, Section II), which contains the following language: "describe each [previous] lawsuit in the space below. If there is more than one lawsuit, you must describe the additional lawsuits on another sheet of paper using the same outline. <u>Failure to comply with this provision may result in summary denial of your complaint</u>."

In response to Defendants' motion, Watson asserts that Defendants' allegations are untrue because he informed the Court of his entire litigation history. Watson explains that he only has one prior lawsuit, and when he completed the form he provided his name, identification number, district where his prior suit was pending, the name of the defendant, and the presiding judge for his previous case. Watson also asserts he provided the disposition and approximate filing date of that case.

## Discussion

It is well settled that courts may impose sanctions, including dismissal or default, against litigants who violate discovery rules or orders of the court to enable judges to control their dockets and effectively manage litigation. *See Hoskins v. Dart*, 633 F.3d 541, 543 (7th Cir. 2011). In particular, this Circuit recognizes that a complaint may be dismissed due to a litigant's intentional omission of his litigation history. *Id.* at 543-44. As explained by the Seventh Circuit in *Hoskins*, "[s]uch sanctions are permissible … because a district court relies on a party's description of his litigation history to manage its docket. Disclosure of a prisoner's litigation history enables a court to adhere to the three-strike requirement of 28 U.S.C. § 1915(g)." *Id.* at 544 (citation omitted).

Although this Court is certainly mindful of its ability to impose sanctions on litigants acting to fraudulently conceal their litigation history, such sanctions are not appropriate in this case. First, there is no indication that Watson intentionally omitted his litigation history in an attempt to deceive the Court. Indeed, it does not appear that Watson would have any reason to do so as he is not a "three-striker," and, by all accounts, has only filed one other case in federal court. Moreover, the Court finds Watson's assertions regarding his attempted disclosure of his litigation history credible. Watson contends that he disclosed all of the information regarding his previous case (aside from the docket number, which he could not recall) in his complaint. A review of Watson's complaint reveals that page three of the form complaint, which contains the section regarding "Previous Lawsuits," was not filed. Although the Court cannot determine how page three came to be omitted, it is not relevant at this juncture because the Court finds the omission to be inadvertent. An inadvertent error such as this will not be met with the severe sanction of dismissal.

## Conclusion

For the reasons set forth above, Defendants' Motion for Sanctions against Plaintiff Kenneth Watson (Doc. 25) is **DENIED**.

**IT IS SO ORDERED.**

DATED: October 20, 2017

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**