IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **KENNETH WATSON,** | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 3:16-cv-01217-NJR-DGW |
| **C/O DODD, C/O MCBRIDE, LT. JACKSON, C/O ANDERTON, C/O NALLEY, NURSE MCCAIN, C/O APARICIO, MICHAEL SANDERS, MAJOR PLOTTS, JASON GARNETT, and JOHN R. BALDWIN,** | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER

**WILKERSON, Magistrate Judge:**

Pending before the Court are Defendant McCain's Motion for Rule 35 Physical Examination of Plaintiff (Doc. 66) and Motion for Hearing (Doc. 80). For the reasons set forth below, the Motions are **DENIED**.

### BACKGROUND

Plaintiff Kenneth Watson filed this action pursuant to 42 U.S.C. § 1983 alleging he was attacked and sexually assaulted by defendant corrections officers Dodd and McBride, and his efforts at obtaining medical care and reporting the incident were prevented or ignored by the other defendants (Doc. 9, p. 1). An Amended Complaint was filed on January 2, 2018, containing the following claims:

> **Count 1** - Cruel and unusual punishment in violation of the Eighth Amendment against Defendants McBride and Dodd for physically, verbally and sexually assaulting Plaintiff on July 17, 2016;

**Count 2** - Failure to Protect or Intervene and Verbal Abuse in violation of the Eighth Amendment against Jackson, Plott, Anderton and Nalley when Defendants failed to intervene during the assault on Plaintiff by Defendants McBride and Dodd and when Jackson and Plott additionally verbally abused and threatened Plaintiff during the assault;

**Count 3** - Deliberate indifference to Plaintiff's medical needs in violation of the Eighth Amendment when Defendants McBride, Dodd, Jackson, Plott, Nalley, Anderton, Aparicio, Saunders, Garnett and McCain denied Plaintiff medical care and a PREA referral;

**Count 4** - Defendants McBride, Dodd, Jackson, Plott, Nalley, Anderton, Aparicio, Saunders, Garnett and McCain retaliated against Plaintiff for his filing of grievances in violation of the First Amendment;

**Count 5** - Conspiracy in violation of the First and Eighth Amendments against all Defendants;

**Count 6** - Intentional Infliction of Emotional Distress under state law against all Defendants;

**Count 7** - Assault and Batter and Conspiracy to commit Assault and Battery against McBride and Dodd;

(Doc. 50).

During the assault Watson stated Dodd grabbed his penis and testicles and squeezed them "as hard as he could" (Doc. 50, p. 10). As a result of Defendants' actions, Watson has stated he suffered severe injuries (Doc. 50, pp. 22), including ongoing pain in his neck and right testicle, as well as a scar on his penis and pain when urinating (Doc. 68, p. 2).

## DISCUSSION

Defendant McCain's Motion for Rule 35 Physical Examination seeks an examination for the sole purpose of photographing the scar on Watson's penis (Doc. 66, p. 3). McCain alleges she needs the photograph to "verify" the existence of the scar and because the scar is at issue for damages (Doc. 66, p. 3).

Rule 35 of the Federal Rules of Civil Procedure controls when the Court may enter an order

for a mental or physical examination. Specifically:

> The court where the action is pending may order a party whose mental or physical condition—including blood group—is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner.
>
> FED. R. CIV. P. 35(a)(1).
>
> The order may be made only on motion for good cause and on notice to all parties and the person being examined.
>
> FED. R. CIV. P. 35(a)(2)(A).

The Supreme Court has long held a trial judge must determine on a case-by-case basis whether the party requesting the examination has adequately demonstrated both the "in controversy" and "good cause" requirements of the rule. *Schlangenhauf v. Holder*, 379 U.S. 104, 118-19 (1964). Watson does not appear to contest that his scar qualifies as being in controversy, therefore the Court considers that issue conceded.

At issue, however, is whether McCain has adequately shown good cause for photographing the scar. The Supreme Court has stated that good cause for an examination requires a greater showing of need than under the discovery rules. *Id.* at 118. Thus, mere relevance is insufficient to show good cause. *Id.* Further, the "ability of the movant to obtain the desired information by other means" is relevant to whether good cause for the examination exists. *Id.*

Here, McCain has failed to show good cause for the requested photograph. Watson's claim against McCain is that she *failed* to examine his injuries, including the injury to his penis (Doc. 50, p. 19).[1] As a result, whether or not a scar exists is irrelevant to either proving or defending against the Eighth Amendment claim against McCain. While the existence of the scar may be relevant to damages, the Court does not see how a photograph of the scar is necessary. As Watson points out,

---

[1] A second claim is made against McCain relating to Retaliation (Doc. 50, p. 20). However, because the existence or extent of scarring is not relevant to a retaliation claim, the Court does not consider it for purposes of this motion.

Rule 35 allows for the Court to order an examination and report, which would be required to "set out in detail the examiner's findings." FED. R. CIV. P. 35(b)(2).[2] Thus, the existence of any scar as well as a description can be obtained for purposes of assessing damages without a photograph. The Court finds because the desired information is available through other means, McCain has failed to show good cause for the requested photograph.[3]

Finally, McCain requested a hearing before this Court on her Motion for Rule 35 Physical Examination (Doc. 80). McCain argues a hearing is proper to allow the parties to "explore the best way to accomplish the collection" of the evidence. The Court disagrees. The only motion before the Court is a request to photograph Watson's scar. Should the parties be unable to come to an agreement regarding an examination and report under Rule 35, they may contact the Court to schedule a discovery dispute conference.

## CONCLUSION

For the foregoing reasons, Defendant McCain's Motion for Rule 35 Physical Examination of Plaintiff (Doc. 66) and Motion for Hearing (Doc. 80) are **DENIED.**

**So Ordered.**

**DATED: July 25, 2018**

**DONALD G. WILKERSON**
**United States Magistrate Judge**

---

[2] The Court is unpersuaded by McCain's argument that "the jury should not be asked to weigh the credibility of Plaintiff versus the credibility of an independent medical examiner." Juries are regularly asked to perform exactly that function.

[3] The Court is also concerned by McCain's request that the photograph be taken by the "internal investigation team" at the prison where Watson is an inmate (Doc. 66, p. 2). On its face, the Court does not see how the internal investigation team would qualify as a "suitably licensed or certified examiner" as required by Fed. R. Civ. P. 35(a)(1).