UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KENNETH WATSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 3:16-CV-1217-GCS |
| | ) |
| DANIEL DODD, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM and ORDER

**SISON, Magistrate Judge:**

Plaintiff Kenneth Watson, an inmate in the Illinois Department of Corrections, filed this lawsuit in November 2016 pursuant to 42 U.S.C. § 1983 alleging Defendants violated his constitutional rights. (Doc. 1). On February 28, 2020, the Court granted summary judgment and dismissed without prejudice Watson's case based on *Heck v. Humphrey* and its progeny. (Doc. 135). Judgment was entered on March 2, 2020. (Doc. 136).

Now pending before the Court is the Bill of Costs filed by Defendant Sandra McCain on April 13, 2020, seeking $1,708.45. (Doc. 139). On April 27, 2020, Watson filed timely objections. (Doc. 141). Watson asserts he should not be required to pay the costs, as he was permitted to proceed *in forma pauperis*, he has been laid off for over a month as a result of the COVID-19 pandemic and has no income, and that his claims were not frivolous.

Federal Rule of Civil Procedure 54 provides that "costs—other than attorney's fees—should be allowed to the prevailing party" unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise. FED. R. CIV. PROC. 54(d)(1). "The rule provides a presumption that the losing party will pay costs but grants the court discretion to direct otherwise." *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006).

The denial of costs may be warranted, however, if the losing party is indigent and has no ability to pay. *See Rivera*, 469 F.3d at 634. *See also Mother and Father v. Cassidy*, 338 F.3d 704, 708 (7th Cir. 2003). To deny a bill of costs on the grounds of indigence, "the district court must make a threshold factual finding that the losing party is 'incapable of paying the court imposed costs at this time or in the future.'" *Id.* at 635 (quoting *McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994)). "The burden is on the losing party to provide the district court with sufficient documentation to support such a finding." *Id.* (internal quotations omitted). Next, the district court "should consider the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case when using its discretion to deny costs." *Id.*

Here, Watson was granted *pauper* status when this action commenced, and he was incarcerated throughout most of the course of this litigation. Accordingly, the Court finds that Watson is incapable of paying Defendant's costs at this time. Furthermore, given that Watson has been laid off of work due to Covid-19, the Court finds that Watson is incapable of paying the costs at any time in the near future.

Turning to the amount of the costs, Defendant McCain seeks a total of $1,708.45. That sum, while not astronomical, is quite substantial to a former prisoner who was proceeding *in forma pauperis* and now currently is unemployed. Furthermore, Watson pursued this action in good faith, and that the matter presented difficult and complex issues relating to Watson's treatment and medical care while incarcerated.

Accordingly, the Court **SUSTAINS** Watson's objection (Doc. 141) and **DENIES** Defendant McCain's Bill of Costs (Doc. 139).

**IT IS SO ORDERED**.

**DATED: April 28, 2020.**

Digitally signed by Judge Sison
Date: 2020.04.28 09:36:18 -05'00'

_____
**GILBERT C. SISON**
**United States Magistrate Judge**